**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1827
_____

MESSIAS WEIDER ESTEVAO;
LAUANNY ANTONIELLY SILVA-ESTEVAO;
P. N. S.E.; P. H. S.E.,
Petitioners

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,
Respondent
_____

On Petition for Review of a Decision of the
United States Department of Justice
Board of Immigration Appeals
(A202-126-940, A202-126-941, A202-128-340, A202-128-341)
Immigration Judge: John B. Carle
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on November 15, 2018

Before: GREENAWAY, JR., BIBAS, and FUENTES, *Circuit Judges.*

(Filed: February 1, 2019)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

BIBAS, *Circuit Judge*.

An immigration judge need not analyze the mental competency of every alien he sees. He need do so only if there is some sign of incompetency. Messias Estevao made a mistake on his asylum application. That alone does not signal incompetency. So we will deny his petition for review.

## I. BACKGROUND

Estevao and his family are Brazilian citizens who entered the United States illegally in 2014. During removal proceedings, he applied for asylum, withholding of removal, and protection under the Convention Against Torture. And he named his wife and children as derivative beneficiaries.

At the merits hearing, Estevao told the immigration judge that this was the second time he had unlawfully entered the United States: the first was in 2004. But he had not listed the first entry on his asylum application. Nor had he mentioned it to his lawyer before the hearing. He told the judge that he "didn't understand that [he] had to put [it] down" on the application. AR 150.

Estevao's lawyer claimed that this error cast doubt on Estevao's ability to understand the proceedings. He asked for a short break so that he could confer with his client. The judge denied that request, noting that Estevao had understood and answered all of his lawyer's other questions. His competency never came up again at the hearing.

After the hearing, the judge denied Estevao's applications for relief and ordered him and his family removed to Brazil. Estevao appealed, arguing that the judge should have granted him the adjournment. The Board of Immigration Appeals affirmed.

2

Estevao did not petition for review. Instead, he asked the Board to reconsider. This time, he argued only that the judge should have gauged Estevao's mental competency. And he asked the Board to remand the case for the judge to do so.

The Board denied the motion. It reasoned that "a sole instance of neglecting to mention a prior entry on an asylum application is not, in itself, sufficient" to warrant a competency assessment. AR 4. Estevao files this petition for review of that denial.

The Board had jurisdiction under 8 U.S.C. § 1103(g)(2) and 8 C.F.R. §§ 1003.1(b)(3) and 1240.15. It exercised jurisdiction over the motion to reconsider under 8 C.F.R. § 1003.2(b). We have jurisdiction to review final orders of removal, including orders denying reconsideration, under 8 U.S.C. § 1252(a)(1). We review the Board's denial of a motion to reconsider for abuse of discretion. *Castro v. Att'y Gen.*, 671 F.3d 356, 364 (3d Cir. 2012).

## II. FORGETTING TO LIST AN ENTRY IS NOT ENOUGH TO WARRANT A COMPETENCY EVALUATION

Immigration judges must look out for and "prescribe safeguards to protect the rights and privileges of" mentally incompetent aliens. 8 U.S.C. § 1229a(b)(3); *Matter of M-A-M-*, 25 I. & N. Dec. 474, 477-78 (2011). An alien is mentally incompetent if he does not understand "the nature and object of the proceedings" or cannot meaningfully take part in them. *Matter of M-A-M-*, 25 I. & N. at 479. In *Matter of M-A-M-*, the Board set forth procedures for assessing and handling aliens who might be incompetent. *Id.* at 479-84. Estevao argues that the immigration judge erred by not following those procedures.

Those procedures are triggered if, and only if, the record contains signs of incompetency. *Id.* at 480, 484. Signs can include the alien's behavior at the hearing. For example,

3

he might not be able to stay on topic, or to understand questions and respond to them. *Id.* at 479. Evidence that he suffers or suffered from certain mental illnesses could also count. *Id.* But not all mental illnesses, even serious ones, suffice. The touchstone is whether the illness would "prevent [an alien] from meaningfully participating in immigration proceedings." *Id.* at 480.

Here, the record reveals no sign of incompetency. Estevao relies solely on his apparent failure to understand one question on his asylum application and on his attorney's concerns about that. But these raise no doubts about his ability to take part in the proceedings. As the immigration judge said, "there are occasions when a person just neglects to put something like that on the application." AR 153. And at the hearing itself, he had no problem understanding and responding to every question.

Estevao's failure to understand one question on his asylum application was an isolated mistake, not a sign of incompetency. Because his lawyer's concerns were based on the same isolated mistake, they add nothing. And nothing else in the record suggests incompetency. On the contrary, Estevao participated fully in his removal proceedings. So the judge did not need to inquire into his competency, and Estevao's procedural-due-process claims fail. We will deny the petition for review.